**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4649**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NGOMANI DEKATTU,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Thomas D. Schroeder, Chief District Judge.  (3:22-cr-00073-TDS-DCK-1)

─────────────

Submitted:  April 20, 2023                    Decided:  April 24, 2023

─────────────

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Ngomani Dekattu, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ngomani Dekattu, who proceeds before us pro se,[*] appeals from the revocation of his supervised release and the imposition of a sentence of time-served plus two additional years of supervised release. On appeal, Dekattu challenges only the district court's revocation decision, asserting that the probation officer falsified information related to the failed drug screenings that were at the cornerstone of the underlying revocation petition, rendering it invalid. We affirm.

To revoke supervised release, the district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Dennison*, 925 F.3d 185, 191 (4th Cir. 2019). We "review[ ] a district court's decision to revoke a defendant's supervised release for abuse of discretion," its underlying factual findings for clear error, and unpreserved challenges for plain error. *Id.* at 190. Because the record clearly establishes Dekattu's knowing and voluntary admission to certain aspects of one of the two charged violations, we conclude that the district court did not err, plainly or otherwise, in revoking Dekattu's supervised release. Accordingly, we affirm the revocation judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Upon review, we approve Dekattu's waiver of his right to counsel on appeal.